140-1583            RPV/DDB            #6191112

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN STANBRIDGE, )
)
      Plaintiff, )
)
v. )   Court No.: 10 CV 03008
)
DR. JACQUELINE MITCHELL, )
LARRY PHILLIPS, CAROL VANCE, )
DR. MICHAEL BEDNARZ, and any and )
all other unnamed and/or unknown persons )
discovered through the course of discovery )
to have participated in the violations set )
forth in this complaint. )
)
      Defendants. )
)

### DR. MITCHELL'S MOTION IN LIMINE
### TO BAR RICHARD SMEGO AND TERRY HYATT FROM TESTIFYING

Defendant Dr. Mitchell, through her attorney, Robert P. Vogt, moves, *in limine*, for the entry of an order barring Richard Smego and Terry Hyatt from testifying against Dr. Mitchell during the trial of this matter. In support of this motion, Dr. Mitchell states as follows:

1. Plaintiff has identified Richard Smego and Terry Hyatt as witnesses that he expects to testify about the plaintiff's "personal hygiene habits" and the dental care and treatment that Smego and Hyatt both received from Dr. Mitchell.

2. Hyatt is the plaintiff's current or former roommate at the Rushville Treatment and Detention Facility ("Rushville"). Smego is also a detainee at Rushville.

3. Smego and Hyatt should be barred from testifying at the trial of this matter because:

1

(1) any testimony by Hyatt regarding the plaintiff's "personal hygiene habits" lacks foundation as he is not an expert and will be cumulative, as the plaintiff will be able to testify his own alleged habits; (2) any testimony regarding the treatment that Smego and Hyatt received from Dr. Mitchell is not relevant to Dr. Mitchell's treatment of the plaintiff; (3) any such testimony by nonparties would confuse the issues, mislead the jury, cause undue delay and mini-trials, and waste this Court's time; and (4) Smego and Hyatt both have ongoing lawsuits against Dr. Mitchell and, as a result, collateral issues will necessarily permeate their testimony.

4. This Court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted, its contribution to the determination of the truth would be outweighed by its contribution to the length of the trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." United States v. Williams, 81 F.3d 1434, 1443 (7th Cir. 1995), citing United States v. Boyd, 55 F.3d 239, 246 (7th Cir. 1995).

5. Here, Hyatt is not an expert in "personal hygiene habits" and has no education, training or experience in proper "personal hygiene habits." His opinion regarding the plaintiff's "personal hygiene habits" is immaterial and irrelevant. Furthermore, because the plaintiff can certainly testify about his own "personal hygiene habits," Hyatt's testimony will be cumulative, adding nothing admissible or probative. See Id. Accordingly, Hyatt's testimony regarding the plaintiff's "personal hygiene habits" should be barred.

6. The plaintiff has also disclosed that he wants Smego and Hyatt to testify regarding the

dental care and treatment that they received from Dr. Mitchell. Smego and Hyatt should be barred from testifying about the care and treatment they received from Dr. Mitchell because the care and treatment that they received from Dr. Mitchell is not relevant to Dr. Mitchell's treatment of the plaintiff. Whatever treatment they did or did not receive will have no bearing on the treatment received by the plaintiff. Furthermore, entire "mini-trials" regarding the claims of Smego and Hyatt will be involved.

7. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The dental care and treatment that non-parties such as Smego and Hyatt received from Dr. Mitchell is not an issue in this case and has no tendency to make any of the plaintiff's allegations against Dr. Mitchell more or less probable. The plaintiff, Smego and Hyatt each have different dental needs and Dr. Mitchell's care and treatment for each is necessarily different based upon their individual circumstance. Any testimony by Smego or Hyatt regarding their individualized dental care and treatment will have no bearing on the dental care and treatment the plaintiff received from Dr. Mitchell. *See* In re Levi, 2009 U.S. Dist. LEXIS 80762 at *16-17 (C.D. Ill.) (Denying the plaintiff's motion to compel finding that the defendant's treatment of different residents in different situations was not relevant to the defendant's treatment of the plaintiff); Robenhorst v. Dematic Corp., 2008 U.S. Dist. LEXIS 30040 at *9 (N.D. Ill.) (Granting the plaintiff's motion in limine to exclude evidence regarding any health condition, care or treatment sought or received by the plaintiff's wife or family, as they were non-party witnesses whose health condition was not at issue and was therefore simply not relevant).

8. Smego and Hyatt's treatment is also inadmissible because of the danger of unfair

3

prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403; See also Mendez v. Kreissler, 2011 U.S. Dist. LEXIS 134575 at *10 (C.D. Ill) (Granting the defendant's motion *in limine* to bar the plaintiff from introducing evidence regarding unrelated lawsuits and citizen complaints against the defendant because the allegations in the other complaints were of little, if any, probative value regarding the defendant's conduct in the case at bar and any minimal probative value was outweighed by the danger of unfair prejudice); Levi, 2009 U.S. Dist. LEXIS at *17 ("[E]ven if the plaintiff showed that Defendants' treatment of other residents might possibly have some marginal relevance, it would still not be admissible because any probative value it might have would be substantially outweighed by 'the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time....'")(citing Fed. R. Evid. 403).

9. The case going to trial before this Court is about the plaintiff's claims against Dr. Mitchell. Smego and Hyatt can litigate their own cases in some other courtroom at some other time. Allowing Smego and Hyatt to testify, along with the plaintiff, will result in this trial becoming a "three-ring circus."

10. In addition, Smego and Hyatt have both filed lawsuits against Dr. Mitchell. Smego and Hyatt's lawsuits against Dr. Mitchell are not relevant to Dr. Mitchell's treatment of the plaintiff.

12. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. That Smego and Hyatt have pending claims against Dr. Mitchell does not make any of the plaintiff's allegations regarding the dental care and treatment he received from Dr. Mitchell any more or less probable. See Levi, 2009 U.S. Dist. LEXIS at *16-17.

13. Allowing Smego and Hyatt to testify about their complaints regarding Dr. Mitchell would result in multiple mini trials within this trial. As one District Court recognized: "Admission of other purported mistreatment of other residents would produce endless mini-trials within this trial" (Levi, 2009 U.S. Dist. LEXIS at *17) and cause confusion of the issues, mislead the jury, cause undue delay, and waste time. *See* Fed. R. Evid. 403.

## CONCLUSION

Richard Smego and Terry Hyatt should be barred from testifying at the trial of this matter. The plaintiff can testify about his own "personal hygiene habits." Further, any testimony regarding Smego and Hyatt's own treatment is not relevant to Dr. Mitchell's treatment of the plaintiff's. Also, any such testimony would pose the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

WHEREFORE, Dr. Mitchell, through her attorney Robert P. Vogt, respectfully requests that Richard Smego and Terry Hyatt be barred from testifying in the trial of this matter.

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: /s/ Robert P. Vogt
     Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street
Suite 2050
Chicago, Illinois 60603
(312) 236-5151
TRIAL/ MIL/ Bar Hyatt

140-1583    RPV/DDB    #6191112

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN STANBRIDGE, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> DR. JACQUELINE MITCHELL, ) </br> LARRY PHILLIPS, CAROL VANCE, ) </br> DR. MICHAEL BEDNARZ, and any and ) </br> all other unnamed and/or unknown persons ) </br> discovered through the course of discovery ) </br> to have participated in the violations set ) </br> forth in this complaint. ) </br> ) </br> Defendants. ) </br> ) | Court No.: 10 CV 03008 |

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **April 26, 2012,** I electronically filed **Dr. Mitchell's Motion in Limine to Bar Richard Smego and Terry Hyatt from Testifying** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Ellen C. Bruce**
  ellen@casevista.com
- **Lucian Rawlings**
  ellen@casevista.com, lrawling@siu.edu

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: /s/ Robert P. Vogt
     Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street, Suite 2050
Chicago, Illinois 60603
(312) 236-5151