**E-FILED**
Tuesday, 15 May, 2012  08:20:18 AM
Clerk, U.S. District Court, ILCD

140-1583                    RPV/DDB                    #6191112

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN STANBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.: 10 CV 03008 |
| | ) | |
| DR. JACQUELINE MITCHELL, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DR. MITCHELL'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS

Pursuant to this Court's Order of May 11, 2012, defendant Dr. Mitchell, through her attorney,

Robert P. Vogt, submits this Memorandum of Law in opposition to the Plaintiff's motion *in limine* to

exclude evidence of the prior felony convictions of the plaintiff and the plaintiff's two witnesses,

Richard Smego and Terry Hyatt.

### Rule 609

Federal Rule of Evidence 609 provides that a witness may be impeached by evidence of a

criminal conviction:

    (a)    <u>In General</u>. The following rules apply to attacking a witness's character for
truthfulness by evidence of a criminal conviction:

        (1)    for a crime that, in the convicting jurisdiction, was punishable by
death or by imprisonment for more than one year, the evidence:

            (A)    must be admitted, subject to Rule 403, in a civil case or in a
criminal case in which the witness is not a defendant.....

    (b)    <u>Limit on Using the Evidence After 10 Years</u>. This subdivision (b) applies if

> More than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> (1)     its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2)     the proponent gives an adverse party adequate written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609.

It is well-settled that evidence of prior convictions is admissible in a civil case to impeach the credibility of the plaintiff or a witness. Wilson v. Groaning,  25 F.3d 581, 586 (7th Cir. 1994); Susinka v. Smith, 2010 U.S. Dist. LEXIS 124568, *2-3 (C.D. Ill.). Congress, by enacting Rule 609(a)(1), has already made the determination that evidence of a felony conviction is relevant to a witness's credibility. Bustamante v. Thedford, 1995 U.S. Dist. LEXIS 2151, at *5 (N.D. Ill)(denying the plaintiff's motion *in limine* to bar evidence of his prior conviction and incarceration). Courts sitting in the Central District have recognized that Rule 609 assumes that felons perjure themselves more often than other witnesses, and "the premise of Rule 609 that 'crookedness and lying are correlated' is not for the court to question." Susinka, at *3-4; *accord* Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987).

Rule 609 does have a limitation, however. Rule 403 provides that "The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice…" (emphasis added).

Even after considering Rule 403, courts sitting in the Seventh Circuit have repeatedly held that prior convictions involving crimes such as aggravated criminal sexual abuse, child molestation, rape and sodomy are properly admissible to impeach the credibility of a party or witness. *See*, United

States v. White, 222 F.3d 363, 370 (7th Cir. 2000)(In trial for bank robbery and kidnapping, "Under

Federal Rule of Evidence 609, it was proper for the government to impeach [the defendant] with

evidence of his prior conviction for sexual assault."); Wilson v. Groaning, 25 F.3d 581, 585 (7th Cir.

1994)(District court properly admitted evidence of the plaintiff's prior convictions, including

attempted aggravated criminal sexual assault, to impeach the plaintiff's credibility.); Geitz v.

Lindsey, 893 F.2d 148, 151 (7th Cir. 1990)(District court correctly permitted defendants to introduce

evidence of the plaintiff's prior convictions for deviate sexual assault and aggravated indecent

liberties with a child, sodomy, burglary, and robbery.); Taylor v. Stewart, 2010 U.S. Dist. LEXIS

120002, *3-5 (S.D. Ind.)(Recognizing that the plaintiff's prior conviction for child molestation was

admissible because it was probative of the plaintiff's bias against the defendant officers.)

 Neighboring federal courts have also held that prior convictions for sex crimes are admissible

to impeach the credibility of a witness. In Jones v. Board of Police Commissioners, for example, the

plaintiff argued that the district court abused its discretion by denying his motion *in limine* to exclude

evidence of his convictions for rape, forcible sodomy and robbery. 844 F.2d 500, 503 (8th Cir. 1988).

The Eighth Circuit Court of Appeals, however, held that admitting evidence of the plaintiff's prior

felony convictions was proper explaining:

> Cases such as the one before us, in which the jury had to choose between conflicting
> versions of the same occurrence, turn on the jury's credibility determinations. The
> evidence of [the plaintiff's] prior convictions had probative value to an assessment of
> his credibility as a witness, and we cannot say that he was unfairly prejudiced by the
> admission of this evidence.

Id. at 506.

 Applying these standards to the present case confirms that Dr. Mitchell should be allowed to

impeach the credibility of the plaintiff and his two witnesses with their prior felony convictions.

## The Plaintiff

It is undisputed that the Plaintiff was convicted of a felony. The timeliness of the Plaintiff's conviction is also not at issue. The Plaintiff was convicted and remains confined to this day. The only question, then, is whether, under a Rule 403 analysis, the risk of unfair prejudice from admitting the Plaintiff's prior conviction substantially outweighs its probative value.

It is initially important to note that this case is unique from those considered by other courts. Here, the plaintiff filed his complaint in a public forum making a variety of highly prejudicial, and untrue, allegations. The allegations attack Dr. Mitchell as a professional and as a human being. The plaintiff's complaint charges:

> As a result of defendant, Dr. Mitchell's deliberate indifference, *be it because of her possible bias towards Plaintiff for his criminal history, race, religion or current status in IDHS-TDF*, Plaintiff has and continues to suffer pain and emotional stress for his serious and continued dental needs.

Complaint, Docket Entry # 1, ¶ 19. (Emphasis added.)

These allegations, intentionally filed by the plaintiff in a publicly available document, are untrue, highly prejudicial, and made solely to try to embarrass and harm Dr. Mitchell.

Under these circumstances, Dr. Mitchell must be given the opportunity to prove the falseness of these baseless claims. The plaintiff himself raised these highly improper and baseless charges and he cannot now complain that he is being called upon to defend them. In addition, the jury is entitled to assess the plaintiff's credibility in light of the allegations he has made in documents filed with this Court.  Since he has thrust these allegations into the forefront of his litigation, he cannot now complain that he will be challenged to stand up and prove his charges.

Furthermore, the plaintiff was fully aware that the allegations he was making were false. But,

4

again, Dr. Mitchell must be allowed to challenge the plaintiff and demonstrate that she knows nothing of the plaintiff's criminal history including that he was convicted for aggravated criminal sexual abuse. Because the plaintiff raised the issue of Dr. Mitchell's alleged bias due to his criminal background, admitting evidence of his criminal background, including the crime of which he was convicted, is more probative of bias and should be admissible. *See* Geitz v. Lindsey, 893 F.2d 148, 151 (7th Cir. 1990); Taylor v. Stewart, 2010 U.S. Dist. LEXIS 120002, *3-5. Simply put, the plaintiff himself has made his criminal history, including his conviction for aggravated criminal sexual abuse, relevant and admissible because he himself has asserted it in his complaint.

It must also be recognized that the plaintiff's entire case is premised on his credibility and in such cases, the jury needs to know all of the relevant evidence. To prevail on his deliberate indifference claim against Dr. Mitchell, the Plaintiff must prove that any alleged delay in treatment resulted in "prolonged and unnecessary pain." *See* 11/7/07 Order, Docket Entry # 48, p. 14; Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010). Cases such as this, where the jury is required to assess conflicting versions of the same events, turn on the jury's credibility determinations. *See* Estate of Gee v. Bloomington Hospital, 2012 U.S. Dist. LEXIS 24639, at *13 (S.D. Ind.);  Jones v. Board of Police Commissioners, 844 F.2d 500, 506 (8th Cir. 1988).

In addition, the allegations in a Plaintiff's Complaint are judicial admissions that may  be used at trial. *See* Pierce v. City of Chi, 2012 U.S. Dist. LEXIS 14331, *10-12 (N.D. Ill.); Frymire v. Peat, Marwick, Mitchell & Co., 1991 U.S. Dist. LEXIS 5337, *3 (N.D. Ill.). The reasoning in Pierce inherently recognized that the statements contained in a pleading, as defined by Federal Rule of Civil Procedure 7(a), are judicial admissions. 2012 U.S. Dist. LEXIS 14331, *10. As set forth in Federal Rule of Civil Procedure 7(a), a complaint is a pleading. A judicial admission in a pleading may be

used a trial. *See* Frymire v. Peat, Marwick, Mitchell & Co., 1991 U.S. Dist. LEXIS 5337, *3 (N.D. Ill.).

Here, the Plaintiff alleges in his complaint that Dr. Mitchell was deliberately indifferent to his serious dental needs because of her bias against him due to, among other things, his *criminal history*. Complaint, Docket Entry # 1, ¶ 19. This is an allegation being made by the plaintiff in a pleading and constitutes a judicial admission that may be used against him at trial. *See* Pierce v. City of Chi, 2012 U.S. Dist. LEXIS 14331, *10-12.

The probative value of the plaintiff's conviction for aggravated criminal sexual abuse far outweighs any potential prejudice.


### Plaintiff's Witness Richard Smego

Richard Smego was convicted of aggravated criminal sexual abuse and, to this day, remains confined. At issue is whether the prejudicial effect of Smego's conviction is substantially greater than its probative value.

In addressing admissibility under 609(a)(1), any danger of prejudice to a witness (who is not a party) "such as injury to the witness' reputation in his community" is non-existent and was explicitly considered and rejected by the Conference Committee entrusted to draft Rule 609. Fed. R. Evid. Committee Conference, H.R. 93-1597. The Conference reasoned that the danger of prejudice to a nonparty witness is outweighed by the need for the trier or fact to have as much relevant evidence on the issue of credibility as possible. Id. The drafters of Rule 609 correctly noted that unlike a party, a witness can sustain no legal prejudice under Rule 403.

Dr. Mitchell should be permitted to introduce evidence of Smego's prior convictions. Estate

of Gee v. Bloomington Hospital, 2012 U.S. Dist. LEXIS 24639, *11-13 (S.D. Ind.)(allowing defendants to impeach plaintiff's witness, decedent's cellmate, with evidence of his prior criminal convictions where cellmate was expected to testify as to the decedent's medical condition.)

### Plaintiff's Witness Terry Hyatt

There is no question that Plaintiff's witness Terry Hyatt was convicted of aggravated criminal sexual abuse, a felony. To this day, Hyatt remains confined for his criminal propensities. Like Smego, Dr. Mitchell should be allowed to impeach Hyatt with his prior conviction. Estate of Gee v. Bloomington Hospital, 2012 U.S. Dist. LEXIS 24639, *11-13 (S.D. Ind.)(allowing defendants to impeach plaintiff's witness, decedent's cellmate, with evidence of his prior criminal convictions where cellmate was expected to testify as to the decedent's medical condition.)

### CONCLUSION

For the reasons set forth above, this Court should deny the Plaintiff's Motion *in Limine* to Exclude Evidence of Prior Convictions.

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: /s/ Robert P. Vogt
    Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street, Suite 2050
Chicago, Illinois 60603
(312) 236-5151
TRIAL/MIL/ Memorandum – Oppose Plf's MIL No. 1

140-1583                              RPV/DDB                    #6191112

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

KEVIN STANBRIDGE,                     )
                                      )
             Plaintiff,               )
                                      )
      v.                              )          Court No.: 10 CV 03008
                                      )
DR. JACQUELINE MITCHELL,              )
LARRY PHILLIPS, CAROL VANCE,          )
DR. MICHAEL BEDNARZ, and any and      )
all other unnamed and/or unknown persons )
discovered through the course of discovery )
to have participated in the violations set )
forth in this complaint.              )
                                      )
             Defendants.              )
                                      )

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **May 15, 2012,** I electronically filed **Dr. Mitchell's Memorandum of Law in Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence of Prior Convictions** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Ellen C. Bruce**
  ellen@casevista.com
- **Lucian Rawlings**
  ellen@casevista.com, lrawling@siu.edu

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: _/s/ Robert P. Vogt__
        Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street, Suite 2050
Chicago, Illinois 60603
(312) 236-5151