UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN W. STANBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3008 |
| | ) | |
| DR. JACQUELINE MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Plaintiff's motion in limine to exclude his prior conviction and the prior convictions of his witnesses, Terry Hyatt and Richard Smego. According to the record, all three have served convictions for aggravated criminal sexual abuse and are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. At the final pretrial conference, the Court indicated that a ruling on this issue would be made the morning of the trial. However, after reviewing the parties' submissions, the Court concludes that no further oral argument is necessary.

Federal Rule of Evidence 609 governs the admission of crimes to impeach a witness's character for truthfulness. Rule 609(a)(1) provides that crimes

punishable by death or more than one year of imprisonment "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant."[1]  Rule 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Here, Plaintiff's conviction is less than 10 years old.  A conviction more than 10 years old is admissible only if " its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

Before a 1990 amendment to Rule 609, the Supreme Court held that a court *must* allow the admission of convictions to impeach a civil witness, regardless of prejudice.  Green v. Bock Laundry Mach. Co., 490 U.S. 504 (1989).[2]   However, in 1990 the Rule was amended to require the Court to apply Rule 403 when making

---

[1] Rule 609(a)(2) requires the admission of a crime regardless of punishment if the crime required proof of an "act of dishonesty or false statement."

[2] Before the 1990 amendment the Rule read: "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established  by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

the decision.  Thus, the Court must consider whether the relevance of the conviction is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  According to the advisory committee notes, the 1990 amendment "reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results."

Cases after the amendment to Rule 609 go both ways.  For example, the plaintiff in Romanelli v. Suliene, 615 F.3d 847, 854 (7th Cir. 2010) was a prisoner who sued a jail doctor for civil rights violations.  The Seventh Circuit upheld the admission of the prisoner's convictions for sexual assault and bail jumping, reasoning that the jury already knew the case was a prisoner civil rights case and the plaintiff had already addressed his criminal history in opening statements.  *See also* Wilson v. Groaning, 25 F.3d 581 (7th Cir. 1994)(upholding admission of three of prisoner-plaintiff's convictions in civil rights excessive force case).  In contrast, some district court cases exclude the evidence under Rule 403.  *See, e.g.,* Coles v. City of Chicago, 2005 WL 1785326 (N.D. Ill. 2005)(not reported in F.Supp.2d)(excluding plaintiff's armed robbery conviction in excessive force case against police officer, but allowing admission of conviction on drug possession);

3

Jones v. Sheahan, 2003 WL 21654279 (N.D. Ill. 2003)(not reported in F.Supp.2d)(excluding convictions for criminal sexual assault and murder in prisoner's civil rights case because "it is not highly probative of credibility."); Earl v. Denny's, Inc., 2002 WL 31819021 (N.D. Ill. 2002)(unpublished)(excluding plaintiff's aggravated criminal sexual assault conviction in his negligence case against Denny's)("The risk here is that if the jury learns of plaintiff's prior record for aggravated criminal sexual assault, it will view him as a 'bad person' not because he is a liar (since this sex offense is not highly probative of credibility), but rather because he would perpetrate a sex offense that jurors might find odious.").

    Rule 609(a), even in its amended form, implicitly concludes that felony convictions are relevant to a witness's credibility. This conclusion is necessarily based on the assumption that a felon is more likely to lie than a non-felon when testifying in any capacity. As the Seventh Circuit has stated, the accuracy of this assumption is subject to reasonable debate, but that is not an issue for this Court. Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992)("[t]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully."); Campbell v. Greer, 831 F.2d 700, 706 (7th Cir., 1987), *superseded in part by 1990 amendments to Rule 609.* "It is well settled that evidence of prior

convictions is admissible in a civil case to impeach the credibility of the plaintiff—subject to the constraints of Rule 403." Wilson v. Groaning, 25 F.3d 581 (7th Cir. 1994); Edwards v. Thomas, 31 F.Supp.2d 1069 n. 5 (N.D. Ill. 1999)("It must be remembered that rule 609 reflects a policy determination that *any* felony conviction, not just those involving dishonesty or false statement, necessarily bears on a witness' credibility.")(emphasis in original). The only question for this Court is whether the danger of unfair prejudice substantially outweighs the probative value as to Plaintiff's credibility.

In the Court's opinion, the admission of the title of Plaintiff's crime—aggravated criminal sexual abuse—does pose a substantial danger of unfair prejudice. Knowing that Plaintiff is not only detained but also that his crime was one of sexual violence may well hinder the jury's ability to focus on Plaintiff's credibility regarding the issue in this case, his dental treatment. *See* Earl v. Denny's, Inc., 2002 WL 31819021 *3 (N.D. Ill. 2002)(excluding plaintiff's aggravated criminal sexual assault conviction in personal injury case: "a jury may deny plaintiff a verdict and an award, not because it doubts his veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question."). Any marginal extra probative value from the title of Plaintiff's felony to Plaintiff's credibility is substantially outweighed by the danger of unfair

prejudice to Plaintiff.  Additionally, allowing a description of the felony would enable the jury to determine that Plaintiff is being detained based on his propensity for sexual violence, which would also unfairly prejudice the jury in the Court's opinion.  The Court is aware that the Seventh Circuit has affirmed cases allowing the introduction of the crime charged, date, and disposition.  U.S. v. Smith, 454 F.3d 707, 716 (7th Cir. 2006).  However, those cases do not mandate the introduction of this information.  *See* Schumde v. Tricam Industries, Inc., 556 F.3d 624, 627 (7th Cir. 2009)("The cases do permit the 'sanitization' of prior-crimes evidence used to impeach, but they mean by this just concealing the nature or name of the crime."); Anderson v. City of Chicago, 2010 WL 4928875 (N.D. Ill. 2010)(not reported in F.Supp.2d)(admitting introduction of conviction only as a "felony conviction," and prohibiting "mentioning the name or nature of the conviction (i.e., that Plaintiff Monroe was convicted of a weapons-related offense.").

    Defendant also argues that she should be allowed to probe Plaintiff's criminal history because he alleged in his Complaint that:

> As a result of defendant, Dr. Mitchell's deliberate indifference, be it because of her possible bias towards Plaintiff for his criminal history, race, religion, or current status in IDHS-TDF, Plaintiff has and continues to suffer pain and emotional stress from his serious and continued dental needs.

(Complaint, ¶ 19).  Defendant contends that she should be allowed to prove that she did not know that Plaintiff has been convicted of aggravated criminal sexual abuse, in order to counter Plaintiff's assertion that she may have been motivated by his criminal history.  However, Plaintiff's allegations can be viewed as nothing more than speculation on what might have motivated Dr. Mitchell's deliberate indifference, rather than a conclusion that she was in fact motivated by any of these things.  Plaintiff's criminal history has never played a part in the development of Plaintiff's claims, was not a part of Judge Baker's order delineating the claims, and is not part of the final pretrial order.  *See*  CDIL-LR 16.1(F)(9)("Any issue not contained in the final pretrial order will not be tried.").  And, in any event, Plaintiff's wondering whether Dr. Mitchell was motivated by his "criminal history," does not mean Defendant may probe the specifics of that criminal history regardless of its unfair prejudice.  The fact that Plaintiff was convicted of a felony is already being admitted, a fact Dr. Mitchell necessarily knows from her employment.  If Defendant seeks to ask Plaintiff about the allegation, she may only reference Plaintiff's conviction as a felony, and she may not ask for further details about that conviction.

   Accordingly, the jury will be informed as part of the statement of the case that Plaintiff was convicted of a felony, has served his sentence for that felony, and

is now being civilly detained in a mental health treatment and detention facility operated by the Department of Human Services.³  The Court will not keep the fact of the felony out entirely.  The information is inescapable anyway because Plaintiff will be escorted and monitored by guards during the entire trial, and the jury must necessarily be informed of the context in which the alleged events occurred in order to avoid confusion.  The jury is already going to surmise that a person detained in the Department of Human Services for treatment is likely a danger to himself or others.  Additionally, the Court agrees with Defendant that if no evidence at all is admitted about the felony, that might unfairly engender sympathy from jurors who may believe that Plaintiff is mentally ill in the sense that he lacks the capacity to care for himself.

As to Plaintiff's witnesses, the record does not reveal the age of the convictions of Terry Hyatt and Richard Smego.  According to the Court's research, those convictions are likely older than 10 years.  *See* People v. Smego, 281 Ill.App.3d 1141 (1996)(affirming and reversing in part conviction); People v. Hyatt, 1997-CF-223 (Vermillion County).  In the absence of information otherwise, the Court presumes that the convictions are more than 10 years old.

---

³However, if Plaintiff opens the door on the specifics of that felony, Defendant will be permitted to probe the issue.

Defendant does not make the showing required by Fed. R. Evid. 609(b) to admit convictions older than 10 years. Accordingly, Plaintiff's motion in limine with regard to the convictions of Hyatt and Smego is granted in full, subject to Plaintiff or his witnesses opening the door.

On a separate matter, Defendant moved orally at the pretrial conference to read into the record the facts Plaintiff conceded at summary judgment. The Court has reviewed the list of those facts (d/e 78) and agrees with Plaintiff that reading the list would amount to "needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. All these facts should come out in the direct testimony of Plaintiff and/or Dr. Mitchell and will be corroborated by the exhibits admitted into evidence. Reading a list in addition to those facts is needlessly cumulative, a waste of time, and potentially confusing to jurors, who might wonder why some facts already testified to are being specially read into the record. Further, Plaintiff lacks the personal knowledge and expertise to know if many of these facts are true. For example, Dr. Mitchell's professional assessments are known only by her; Plaintiff had to rely on what she reported to him. These kinds of facts should be established through Dr. Mitchell's direct testimony under oath, not read into the record. If Plaintiff presents evidence that contradicts a fact conceded on summary judgment, the concession might be used to impeach him, but the Court will take that issue up

9

at trial if necessary.

The last matter the Court will address is Plaintiff's motion to strike ¶ 19 from his Complaint. Striking this paragraph will not be necessary to prevent Defendant from probing the title or specifics of Plaintiff's conviction. The Court has already barred that line of questioning. Thus, the existence of the allegations will not unfairly prejudice Plaintiff. If he is asked why he made the allegations during cross examination, he will have an opportunity to explain himself.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion in limine regarding prior convictions is granted in part and denied in part (d/e 68). The motion is granted with respect to the prior convictions of his witnesses, Terry Hyatt and Richard Smego. The motion is granted in part with respect to Plaintiff's prior conviction. The Court will inform the jury as part of the statement of the case that Plaintiff was convicted of a felony, has served his sentence for that felony, and is now being detained in a mental health treatment and detention facility operated by the Department of Human Services.

2) Defendant's request to read the facts conceded for purposes of summary judgment is denied.

3) Plaintiff's request to strike ¶ 19 of his Complaint is denied (d/e 80).

4) Plaintiff filed his response to Defendant's request to read admissions as a motion, rather than as a response (d/e 81). Motion # 81 is denied because it is not a motion.

ENTERED: May 21, 2012

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE