**E-FILED**
Thursday, 24 May, 2012  10:39:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN W. STANBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-3008 |
| | ) | |
| JACQUELINE MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

[rest of page intentionally blank]

1

The law applicable to this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses and the exhibits received in evidence and stipulated facts.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and

2

experiences in life.  You may draw such reasonable inferences as you believe to be justified from proved facts.  Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose.

You are to disregard any evidence to which I have sustained an objection or which I ordered stricken.  Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded.  You should not be influenced by sympathy, prejudice, fear, or public opinion.  Similarly, you should not be influenced by any person's race, color, religion, national ancestry or gender. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence.  If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling, remark, or question which I have made or asked do I or have I meant to indicate

any opinion as to the facts or what the outcome of the case should be.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witnesses's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

There are two types of evidence:  direct and circumstantial.  Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eyewitness.  Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved.

For instance, an example of direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  All of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

In this case Plaintiff was a detainee in a state facility when the relevant events occurred and remains a detainee in that facility.  All parties are equal before the law.  A detainee is entitled to the same fair consideration that you would give any individual person.

You have heard evidence that Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether his testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff, Kevin Stanbridge, claims that Defendant, Dr. Jacqueline Mitchell, violated his right to due process under the Fourteenth Amendment to the Constitution.  Specifically, Plaintiff claims that Defendant was deliberately indifferent to Plaintiff's serious dental needs by failing to timely and effectively treat those dental needs.  Plaintiff claims that he suffered damages caused by Defendant's conduct.

Defendant denies that she was deliberately indifferent to any of Plaintiff's serious dental needs.  Defendant denies that Plaintiff suffered any damages and further denies that any claimed damage was caused by Defendant's conduct.

The Fourteenth Amendment to the Constitution of the United States provides in applicable part that "[no] state [shall] deprive any person of . . . liberty . . . without due process of law." In the context of this case, that means Plaintiff has a liberty interest in being free from deliberate indifference to a serious need for dental treatment.

To secure this right, the Congress has enacted a statute that says no person acting under color of state law shall deprive another person of his constitutional rights. A person who violated the statute may be required to pay money damages to the person whose rights have been violated. It is undisputed that Defendant acted under color of state law for purposes of this case.

To succeed on his claim, Plaintiff has the burden of proving each of the following things by a preponderance of evidence:

1.    Plaintiff had a serious dental need;

2.    Defendant was deliberately indifferent to Plaintiff's serious dental need; and,

3.    Defendant's conduct caused harm to Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

When I use the term "serious dental need," I mean a condition that a dentist says requires treatment, or something so obvious that even someone who is not a dentist would recognize it as requiring dental treatment.  In deciding whether a dental need is serious, you should consider the following factors:

—the severity of the condition;

—the harm, including pain and suffering, that could result from a lack of dental care;

—whether providing dental treatment was feasible; and,

—the actual harm caused by the lack of dental care.

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm to Plaintiff's dental health, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it.  A significant delay in providing effective dental treatment for a serious dental need may arise to deliberate indifference if the delay caused injury to Plaintiff or caused him prolonged and unnecessary pain.

Negligence or gross negligence does not amount to deliberate indifference.  Additionally, a Defendant is not deliberately indifferent if he or she lacked the authority or the ability to take reasonable measures to address the problem.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Defendant's failure to provide him with dental treatment. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money. Compensatory damages include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental, and emotional pain and suffering

that Plaintiff has experienced. No evidence of the dollar value for these types compensatory damages needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight then the recollections or impressions of each juror about the testimony.

I do not anticipate that you will need to communicate with me during your deliberations.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case.  You may not use any electronic device or access any electronic media, including but not limited to a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

When you retire to the jury room, you will first select one of your members as your presiding juror.  He or she will preside during your deliberations on a verdict.

Your agreement upon a verdict must be unanimous.  Your verdict must be in writing and signed by each of you, including the presiding juror.

You will be provided with forms of verdict.  Verdict Form A will be used if you find for Plaintiff.  Verdict Form B will be used if you find for Defendant.

When you have unanimously agreed upon your verdict, select and complete the form which correctly reflects your verdict.

The forms of verdict which you will receive read as follows:

## VERDICT FORM A

On Plaintiff's claim that Defendant violated Plaintiff's Fourteenth Amendment rights, we, the jury, find in favor of Plaintiff and against Defendant.

We fix Plaintiff's compensatory damages as $_____.

_____          _____

Presiding Juror


_____          _____


_____          _____


_____          _____

## VERDICT FORM B

On Plaintiff's claim that Defendant violated Plaintiff's Fourteenth Amendment rights, we, the jury, find in favor of Defendant and against Plaintiff.

_____          _____

   Presiding Juror

_____          _____

_____          _____

_____          _____